**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

NATHANIEL L. FITZGERALD
ADC # 84210                                                                                          **PLAINTIFF**

v.                                          4:12-cv-00378-BSM-JJV

TOM MCHAN, Major,
Ouachita River Unit, ADC; *et al.*                                                   **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

### **DISPOSITION**

Plaintiff, Nathaniel L. Fitzgerald, filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, without prepayment of the $350 statutory filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit (Application). Plaintiff has filed numerous lawsuits in this Court, and because three of his complaints have been dismissed for failure to state a claim, he is considered a three-striker.[1,2] After carefully reviewing this

---

[1] *See Fitzgerald v. Busby*, 3:10cv00237; *Fitzgerald v. Griffin*, 1:10cv00060; *Fitzgerald v. Fairley*, 3:09cv00189.

[2] The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Section 1915(g) specifically provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

Complaint (Doc. No. 1), the Court finds the law requires this case be dismissed without prejudice pursuant to the three strikes rule.

## II.  ANALYSIS

Despite his status as a three-striker, Plaintiff may still proceed *in forma pauperis* if he is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Here, Plaintiff alleges he has been harassed and retaliated against by the Defendants. While some of the incidents described, if true, are troubling, he still fails to show he was under a threat of imminent danger when he filed his Complaint. The acts of which Plaintiff complains mainly occurred last year. The recent allegations are conclusory and fail to show the threat of imminent danger. Additionally, many of these claims were made in *Fitzgerald v. McHan*, 4:12-cv-00080-JLH, and the Court dismissed that Complaint under the three strikes provision. The Court finds that Plaintiff is not under imminent danger of serious

---

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West 2010).

physical injury and is not entitled to invoke the imminent danger exception to the three-strikes rule.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. No. 1) should be DISMISSED without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

2. If Plaintiff wishes to continue this case, he must submit within thirty (30) days of the entry of this Order: (a) the statutory filing fee of $350, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 28th day of June, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE